JUDGE ROBINSON

08 CV 6371

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.

-----------------------------------------------------------------X
CADLES OF GRASSY MEADOWS II, LLC,

                               Plaintiff,      **COMPLAINT**

            -against-

KATHRYN LAPIDUS and RAQUETTE LAKE CAMPS, INC.,

                              Defendants.
-----------------------------------------------------------------X

Plaintiff, by its attorneys, VLOCK & ASSOCIATES, P.C., complains against Defendants as follows:

**THE PARTIES**

1. Plaintiff CADLES OF GRASSY MEADOWS II, LLC is a limited liability company organized and existing pursuant to the laws of the State of Delaware, with its principal place of business located at 100 North Center Street, Newton Falls, Ohio 44444.

2. Upon information and belief, Defendant KATHERINE LAPIDUS resides at 440 Long Ridge Road, Bedford, New York 10506.

3. Defendant RAQUETTE LAKE CAMPS, INC., is a corporation organized and existing pursuant to the laws of the State of New York, having its principal place of business at 629 Fifth Avenue, Pelham, New York 10803.

## JURISDICTION AND VENUE

4. Jurisdiction over the subject matter of this action is properly in this Court pursuant to 28 U.S.C. § 1332, based upon diversity of citizenship of the parties. The amount in controversy herein exceeds the sum of $75,000.00.

5. Venue is pursuant to 28 U.S.C. §1391, as the cause of action arose in the Southern District of New York.

## FIRST CAUSE OF ACTION

6. During the period from 1973 through present Edward Lapidus was married to the Defendant Kathryn Lapidus.

7. On or about 10th day of January, 1991, the Superior Court, County of Hartford, State of Connecticut, entered a Judgment against Edward Lapidus in the sum $342,569.97.

8. On or about May 10, 2006, in the Supreme Court of the State of New York, County of New York, entered Judgment based on the aforesaid Connecticut Judgment in favor of Plaintiff, Cadles of Grassy Meadows II, L.L.C., judgment creditor, and against Edward Lapidus, judgment debtor, in the principal amount of $342,569.97 plus interest at the rate of 10% per annum from January 10, 1991.

9. Plaintiff also holds a separate judgment against Edward Lapidus, in the principal amount of $786,135.48 plus interest at the rate of 10% per annum from December 6, 1993, in the Supreme Court of the State of New York, County of New York, under Index No. 110219/2006.

10. No part of either of the above Judgments has been paid.

11. During the period from 2000 to the present, Defendant Kathryn Lapidus was the sole shareholder of Defendant Raquette Lake Camps, Inc.

12. During the period from 2000 through the present, Edward Lapidus served as co-director of Defendant Raquette Lake Camps, Inc.

13. Defendant Raquette Lake Camps, Inc., is operated by Defendant Kathryn Lapidus and her husband, Edward Lapidus, for the purpose of hindering, delaying and defrauding the creditors of Edward Lapidus.

14. Edward Lapidus dominates and controls Defendant Raquette Lake Camps, Inc., so that Defendant Raquette Lake Camps, Inc., has no separate mind, will, or existence of its own, and is nothing more than a mere instrumentality of and alter ego of Edward Lapidus.

15. Edward Lapidus and Defendant Kathryn Lapidus hold themselves out to the public as co-owners of Defendant Raquette Lake Camps, Inc. Edward Lapidus runs Defendant Raquette Lake Camps as co-owner and co-director. However, Edward Lapidus receives no compensation for his work to avoid paying back his creditors.

16. Defendant Raquette Lake Camps, Inc. has not complied with the standard corporate formalities required of a corporation in New York.

17. The money and property of Defendant Raquette Lake Camps, Inc. has been and continues to be used by Edward Lapidus and Defendant Kathryn Lapidus as if such money and property were their own.

18. Defendant Kathryn Lapidus is employed by Raquette Lake Camps and accepts a salary. Although Edward Lapidus holds himself out to be co-owner and co-director of the camp and works at the camp in said capacity, he purposely receives no salary or other compensation for his services.

19. During the period 2000 through the present, Defendants Kathryn Lapidus and Raquette Lake Camps, Inc., with actual intent to hinder, delay and defraud creditors, caused the earnings of Edward Lapidus to be conveyed directly to the Defendant Raquette Lake Camps and/or to Defendant Kathryn Lapidus.

20. Pursuant to New York Debtor and Creditor Law ("DCL") § 276, the said conveyances were made by Defendants with actual intent to defraud, hinder and delay creditors.

21. As a result of the said conveyances, Plaintiff has been unable to recover on the Judgments rendered in its favor. No part of the said Judgments have been paid to Plaintiff, and the same remains wholly unpaid, causing damage to Plaintiff.

## SECOND CAUSE OF ACTION

22. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

23. By reason of the said conveyances, Edward Lapidus retained no capital with which to meet his debts and obligations.

24. Pursuant to DCL § 273, the said conveyances were effectuated by Defendants with intent presumed in law to defraud, hinder and delay creditors, were made without consideration, and were made at a time when Edward Lapidus was insolvent, or was thereby rendered insolvent, causing damage to Plaintiff.

### THIRD CAUSE OF ACTION

25. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

26. Pursuant to DCL § 273-a, the said conveyances were made by Defendants during the period of time in which Edward Lapidus was a defendant in the action brought by Plaintiff, which resulted in a Judgment in favor of Plaintiff, and which Judgment has not been satisfied, causing damage to Plaintiff.

### FOURTH CAUSE OF ACTION

27. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

28. Defendants and Edward Lapidus devised and implemented a plan to render Edward Lapidus wholly insolvent and "judgment proof." The said conveyances were made by Defendants with the intent to prevent Plaintiff from recovering on a debt justly owed by Edward Lapidus.

29. By reason of the said plan and the said conveyances, Defendants tortiously interfered with the collectibility of the debt owed by Edward Lapidus.

30. As a result thereof, Defendants are liable for the damages caused to Plaintiff.

## FIFTH CAUSE OF ACTION

31. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

32. There was no legal justification for the aforesaid plan and conveyances, which have caused unjustifiable injury to Plaintiff.

## SIXTH CAUSE OF ACTION

33. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

34. Pursuant to DCL §276-a, Plaintiff is entitled to recover its attorneys' fees and expenses incurred in this action.

## SEVENTH CAUSE OF ACTION

35. Plaintiff repeats and reiterates each and every allegation contained in the above paragraphs, as if more fully set forth at length hereinafter.

36.    Defendant Raquette Lake Camps is merely the instrumentality of Edward Lapidus with no separate identity of its own, for the purpose of avoiding his creditors.

37.    By reason of the above, the Court should hold Defendant Raquette Lake Camps liable for the sums due to Plaintiff under the aforesaid Judgments against Edward Lapidus, under the doctrine of reverse piercing of the corporate veil.

## **DEMAND FOR RELIEF**

Plaintiff demands judgment against Defendants as follows:

a.    Granting a judgment in favor of Plaintiff and against Defendants in the sum of $1,128,704.00, together with interest, together with attorneys' fees, expenses and costs incurred as a result of this action, in an amount to be determined by the Court, together with punitive damages in the sum of $1,500,000.00;

b.    For such other and further relief as the Court deems just and proper under the circumstances, together with interest, and the costs and disbursements of this action.

Dated:     New York, New York
           July 10, 2008

                                            VLOCK & ASSOCIATES, P.C.
                                            Attorneys for Plaintiff
                                            230 Park Avenue
                                            New York, New York 10169
                                            (212) 557-0020

                                            By: _____
                                            Steven Giordano (SG 8328)

1233.00000